UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO ESCOBAR, | No. 2:18-cv-2399 DB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence and plaintiff's subjective testimony were erroneous.

////

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 4 & 5.)

1

For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

**PROCEDURAL BACKGROUND**

In April of 2014, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on April 17, 2013. (Transcript ("Tr.") at 21, 193-99.) Plaintiff's alleged impairments included arthritis, rotator cuff tear, and right knee tear. (Id. at 220.) Plaintiff's application was denied initially, (id. at 107-11), and upon reconsideration. (Id. at 113-17.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on April 27, 2017. (Id. at 45-80.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 46-47.) In a decision issued on June 1, 2017, the ALJ found that plaintiff was not disabled. (Id. at 38.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.
>
> 2. The claimant has not engaged in substantial gainful activity since April 17, 2013, the alleged onset date (20 CFR 404.1571 *et seq*.).
>
> 3. The claimant has the following severe impairments: cervical, thoracic, and lumbar degenerative disk disease; degenerative joint disease in the claimant's shoulders and knees; obesity; residual effects of mandibular fracture April 2013 with multiple surgical procedures; depressive disorder; anxiety secondary to physical impairments; somatic symptom disorder with prominent pain; and borderline intellectual functioning (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that he is able to lift and carry ten pounds frequently, and twenty pounds occasionally. He is able to sit for six-to-eight hours of an eight-hour workday. He is able to stand and/or walk for four hours of an eight-hour workday. He is limited to occasional balancing, squatting, stooping, bending, kneeling, crouching, and crawling. He is limited to occasional climbing of ramps and stairs. He is

precluded from climbing ladders, ropes, or scaffolds. He is limited to occasional reaching at or above shoulder level with the right upper extremity. He is limited to frequent overhead reaching with the left upper extremity. He is precluded from working around unprotected heights, and hazardous machinery. He is able to perform simple, repetitive tasks. Finally, he is limited to no more than occasional interaction with supervisors, coworkers, and the public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born [in] 1976 and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 17, 2013, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 23-37.)

On June 28, 2018, the Appeals Council denied plaintiff's request for review of the ALJ's June 1, 2017 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on August 30, 2018. (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion argues that the ALJ committed the following two principal errors: (1) the ALJ's treatment of the medical opinion evidence constituted error; and (2) the

////

4

ALJ's treatment of the plaintiff's subjective testimony constituted error. (Pl.'s MSJ (ECF No. 12) at 19-24.[3])

### I. Medical Opinion Evidence

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant[.]" Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges that the ALJ's treatment of the opinion offered by Dr. James Wakefield, an examining physician. (Pl.'s MSJ (ECF No. 12) at 19-22.) The ALJ discussed Dr. Wakefield's opinion in detail stating:

////

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

> James Wakefield, Jr., Ph.D., psychological consultative examiner (6F), opined on the claimant's mental abilities in April 2015, saying that the claimant can follow simple repetitive tasks, although more complex procedures would "present difficulties." Dr. Wakefield also said that the claimant is able to interact with co-workers, supervisors, and the public "at a minimally acceptable level," but later said that the claimant's social and behavioral functioning are "appropriate." He said that the claimant's ability to reason and make occupational, personal, and social decisions is "limited." He opined that the claimant's concentration, persistence, and pace are "deficient." Finally, Dr. Wakefield said that the claimant's reported pain would limit his ability to perform physical activities including sitting, standing, and walking. (6F.) This assessment is given considerable weight. Dr. Wakefield performed a thorough examination of the claimant; he utilized objective testing techniques (Test of Nonverbal Intelligence [6F/2]), and harmonized his findings into a single opinion. Dr. Wakefield is also an expert, holding a Ph.D. Finally, Dr. Wakefield's statements are consistent with the objective medical evidence of record. For instance, statements that the claimant's cogitation remains "intact" (3F/230, 474) indicate that he can follow simple repetitive tasks, just as Dr. Wakefield opined. This statement is therefore accorded considerable weight.

(Tr. at 33.)

Plaintiff argues that despite purporting to afford Dr. Wakefield's opinion considerable weight, the ALJ "did not explain if she believed Dr. Wakefield's opinion regarding 'deficient' concentration, persistence, and pace would result in moderate or marked limitations." (Pl.'s MSJ (ECF No. 12) at 21.) Dr. Wakefield's opinion, however, did not provide any explanation as to the degree of deficiency plaintiff experienced with respect to concentration, persistence, and pace. (Tr. at 851.) Where "evidence lends itself to more than one interpretation, we will uphold the ALJ's rational interpretation, and defer to the ALJ's resolution of ambiguities in the medical evidence." Holden v. Berryhill, 731 Fed. Appx. 606, 607 (9th Cir. 2018) (citations omitted).

Moreover, as the ALJ acknowledged, Dr. Wakefield opined that plaintiff's "concentration, persistence, and pace are 'deficient,'" but that plaintiff could nonetheless "follow simple repetitive tasks[.]" (Tr. at 33.) And the ALJ's residual functional capacity ("RFC") determination included a limitation to "simple, repetitive tasks." (Id. at 27.) "An RFC determination limiting a claimant to 'simple, repetitive tasks' adequately captures limitations in concentration, persistence, or pace where the determination is consistent with the restrictions identified in the medical evidence." Turner v. Berryhill, 705 Fed. Appx. 495, 498 (9th Cir. 2017)

(citing Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008); see also Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001) ("ALJ's hypothetical concerning someone who is capable of doing simple, repetitive, routine tasks adequately captures Howard's deficiencies in concentration, persistence or pace").

Accordingly, the court finds that the ALJ's treatment of Dr. Wakefield's opinion did not constitute error. Plaintiff, therefore, is not entitled to summary judgment with respect to this claim.

## II. Plaintiff's Subjective Testimony

Plaintiff next challenges the ALJ's treatment of plaintiff's subjective testimony. (Pl.'s MSJ (ECF No. 12) at 22-23.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

////

////

7

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[4] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ determined that plaintiff's "alleged impairments, and the limitations they impose upon his capacities to perform regular and sustained work, cannot be wholly accepted." (Tr. at 28.) Plaintiff argues that in reaching this determination the ALJ relied on selective evidence related to plaintiff's daily activities without a complete examination of plaintiff's daily activities. (Pl.'s MSJ (ECF No. 12) at 22-23.)

It is true that one reason given by the ALJ for rejecting plaintiff's testimony was that plaintiff "reported that he experiences no difficulties in dressing, washing, taking a bath, or preparing meals," and that plaintiff could use a telephone and rise from a chair. (Tr. at 31.) Although plaintiff argues this is an incomplete picture of plaintiff's abilities, even it if where complete this could not serve as a basis to reject plaintiff's subjective testimony.

////

////

---

[4] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

8

This is because

> [t]he critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons ... and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012). The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be utterly incapacitated in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001); see also Garrison, 759 F.3d at 1016 (citation omitted) ("[I]mpairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.").

However, another—if not the primary—reason the ALJ rejected plaintiff's testimony was that plaintiff's testimony was inconsistent with the evidence of record. It must be acknowledged that "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue."); Lingenfelter, 504 F.3d at 1036 ("the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

////

////

1 | Here, however, the ALJ rejected plaintiff's testimony not because of a lack of evidence but because of a clear inconsistency with the evidence. For example, the ALJ noted that in contrast to plaintiff's testimony, plaintiff's "providers have often noted . . . substantial retained functionality." (Tr. at 29.) That "physicians have often found . . . normal and intact-whole body strength, in both [plaintiff's] upper and lower extremities." (Id.) That plaintiff was found "ambulating normally over the record, with a wholly unaffected gait." (Id.) That the record showed plaintiff "exhibited substantial retained range of motion[.]" (Id. at 30.) That plaintiff's sensation had "consistently been recorded as 'intact'" with normal coordination. (Id.)

The ALJ noted that this "evidence is inconsistent with the [plaintiff's] allegations that his impairments prohibit him from working." (Id. at 31.) "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008); see also Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) ("The ALJ also identified several contradictions between claimant's testimony and the relevant medical evidence and cited several instances of contradictions within the claimant's own testimony. We will not reverse credibility determinations of an ALJ based on contradictory or ambiguous evidence.").

Accordingly, the court finds that the ALJ provided a clear and convincing reason for rejecting plaintiff's testimony. Plaintiff, therefore, is not entitled to summary judgment on this claim.

## CONCLUSION

The court has found that plaintiff is not entitled to summary judgment on any claim of error.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is denied;

2. Defendant's cross-motion for summary judgment (ECF No. 16) is granted;

3. The decision of the Commissioner of Social Security is affirmed; and

////

////

4. The Clerk of the Court shall enter judgment for defendant and close this case.

Dated: March 7, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\escobar2399.ord